**MAXWELL FINANCE COMPANY, Plaintiff-Appellee, v. JONES, Defendant-Appellee, and ALEXANDER, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2147.   Decided November 16, 1951.

Joseph L. Lair, Dayton, for plaintiff-appellee.
Herbert M. Eikenbary, Dayton, for defendant-appellant.

## OPINION

By WISEMAN, J:

This is an appeal on questions of law from the Common Pleas Court of Montgomery County affirming a judgment of the Municipal Court of Dayton, rendered in favor of the plaintiff in an action on a note and for the foreclosure of a chattel mortgage.

The facts are briefly stated as follows: Ralph Alexander, the defendant-appellant, was the owner of a grocery store which

Charles D. Jones, defendant-appellee, desired to purchase; Jones did not have sufficient cash money to make the down payment; Jones proceeded to secure a loan from the plaintiff: Alexander was present at the grocery store when the agent of the plaintiff appeared at the store to list and appraise the chattels in the store; Alexander knew Jones was placing a loan on said chattels; on April 6, 1949 Jones executed his note for $500.00 and a chattel mortgage on the chattels in the store in favor of the plaintiff; and at that time received from the plaintiff a check in the sum of $500.00 to cover the amount of the loan; the check was made payable not only to Jones but, also, to Alexander in order to protect Alexander's interest; on the same day Jones went to the grocery store and endorsed the check and turned the check over to Alexander who stated that the bill of sale would be executed the following day; on the following day, to-wit: April 7, 1949, Alexander executed the bill of sale to Jones covering the chattels embraced in the chattel mortgage and on the same day Alexander and Jones entered into a contract of sale with respect to the sale of the store and the chattels involved, which provided for the payment of additional purchase price. The contract of sale provided that in the event Jones failed to make payment according to the contract the property would revert to Alexander. The evidence shows that Jones failed to make payments as agreed and Alexander took back the grocery store. The plaintiff demanded payment of the $500.00 note and upon refusal of payment brought suit against Jones on the note and for foreclosure of the chattel mortgage. In this suit Alexander was made a party-defendant on the ground that he claimed an interest in the property. The trial court rendered judgment in favor of the plaintiff on the note and ordered foreclosure of the chattel mortgage.

The defendant-appellant, Alexander, claims the judgment is contrary to law. The point is made that the chattel mortgage was executed one day before Jones became the owner of the chattels under the bill of sale, and that, therefore, Alexander who did not sign the note and mortgage should not be made to suffer the loss of the chattels.

In equity the chattel mortgage became an effectual lien on the chattels as between the parties to the transaction when Jones became the owner and possessor of the chattels on April 7, 1949. **Francisco et al v. Ryan, 54 Oh St 307, 316.** Under the circumstances an equitable estoppel will work to defeat the interest of Alexander as against the claim of the mortgagee. **16 O. Jur. Page 619, Sec. 58.** When Alexander gave Jones a bill of sale, Alexander estopped himself from asserting his

own title or right in the property as against the mortgagee. Alexander accepted the benefits derived from the transaction between Jones and the plaintiff. Alexander received the check given for the loan and now cannot be heard to question the legality of the transaction.

Judgment affirmed.

HORNBECK, PJ, MILLER, J, concur.